IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| **WILLIAM HENRY STARRETT, JR.,** | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | Civil Action No. **3:18-CV-191-L** |
| | § | |
| **CITY OF RICHARDSON, TEXAS,** | § | |
| | § | |
| Defendant. | § | |

## ORDER

On July 27, 2018, United States Magistrate Judge Irma Carrillo Ramirez entered the Findings, Conclusions and Recommendation of the United States Magistrate Judge ("Report"), recommending that the court grant, pursuant to Federal Rules of Civil Procedure 12(b)(6), Defendant City of Richardson, Texas's ("Defendant" or "City of Richardson") Motion to Dismiss for Improper Service or Process and Failure to State a Claim or Alternatively a Motion to Quash Service ("Motion to Dismiss") (Doc. 7), filed February 16, 2018, and dismiss with prejudice Plaintiff William Henry Starrett, Jr.'s ("Plaintiff") federal claims brought pursuant to 42 U.S.C. §§ 1983, 14141, 1988 and his state law claims for alleged violations of the Texas Constitution, defamation and libel, negligence, negligent employment practices, negligent infliction of emotion distress, and declaratory relief under the Texas Declaratory Judgment Act.[1] In addition, the magistrate judge recommended that the court *sua sponte* dismiss with prejudice pursuant to Rule 12(b)(6) Plaintiff's claims under

---

[1] The magistrate judge also determined that service of process was improper and dismissal without prejudice was appropriate under Rule 12(b)(5). Alternatively, the magistrate judge concluded that, even assuming service was proper, Plaintiff failed to state a claim for relief upon which relief could be granted. Having determined that Plaintiff's claims fail under Rule 12(b)(6), the magistrate judge did not address Defendant's alternative motion to quash, which the court **denies as moot**.

**Order – Page 1**

42 U.S.C. § 1985 and claims for declaratory and injunctive relief under federal and Texas law. The magistrate judge noted that pro se plaintiffs are generally given several opportunities to amend their pleadings but recommended that Plaintiff not be allowed to amend his pleadings because, although he had not previously amended his pleadings,

> [i]t does not appear that he could successfully state a claim for relief even if provided an opportunity to amend . . . His claims under § 1983 are based on *respondeat superior* and actions that do not constitute constitutional violations, and his state law claims are either unrecognized or barred by immunity. Additionally, to the extent he seeks injunctive relief under state law, it does not appear that he can successfully state a claim for such relief.

Report 30.

Plaintiff, who is proceeding pro se, filed objections to the Report on August 9, 2018 (Doc. 12). Plaintiff's objections also include a response to the magistrate judge's *sua sponte* motion to dismiss with prejudice his remaining claims, and a request to amend his pleadings. In support of twenty-two pages of objections, Plaintiff submitted a sixteen-page appendix. Plaintiff's objections focus primarily on the magistrate judge's legal determinations, while the materials included in his appendix pertain to factual matters. Plaintiff disagrees with the magistrate judge's determinations that service was improper. He also contends that his claims, as currently pleaded, are sufficient to state a claim upon which relief can be granted under state and federal law. Plaintiff's objections and response to the *sua sponte* motion to dismiss, however, demonstrate a fundamental misunderstanding of the law in general and in particular with respect governmental immunity, and are insufficient to overcome any factual or legal basis for dismissal set forth in the Report, which the court determines are correct.

Plaintiff asserts that, if the court accepts the magistrate judge's findings and conclusions, he should be allowed to amend his pleadings because "a district court may not sua sponte dismiss a complaint where the filing fee has been paid unless the court gives the plaintiff the opportunity to amend the complaint." Pl.'s Obj. 21 (quoting *Apple v. Glenn*, 183 F.3d 477, 479-80 (6th Cir. 1999)). Plaintiff requests that he be given "an opportunity to cure any defects, amend, join individual Defendant employee parties in their official capacity." Pl.'s Obj. 21.

The court is bound by Fifth Circuit and Supreme Court precedent, not Sixth Circuit authority. The Fifth Circuit had held that "[l]eave to amend should be 'freely give[n] . . . when justice so requires.'" *Stem v. Gomez*, 813 F.3d 205, 215 (5th Cir. 2016) (quoting Fed. R. Civ. P. 15(a)(2)). Here, Plaintiff requests an opportunity to amend his pleadings to "cure any defects," but most of the defects identified by the magistrate judge are incurable. Moreover, other than the conclusory statement quoted above, Plaintiff fails to explain how he would cure any of the defects noted in the Report. The court, therefore, believes that Plaintiff has stated his "best case" and cannot improve upon or supplement the allegations as pleaded with respect to the claims asserted by him against the City of Richardson, and any attempt at amending these claims would be futile and unnecessarily delay the resolution of this action.

Plaintiff also requests to "join individual Defendant employee parties in their official capacity." Pl.'s Obj. 21. This request appears to be in response to the magistrate judge's determination with respect to his request for relief under the Texas Declaratory Judgment Act that claims of this kind cannot be brought against a governmental entity that retains immunity from suit and, instead, "must be brought against state actors in their official capacity." Report 25 (quoting *City of El Paso v. Heinrich*, 284 S.W.3d 366, 373 (Tex. 2009)). Even assuming that Plaintiff would be

able to cure his request for relief under the Texas Declaratory Judgment Act for alleged violations of the Texas Constitution, any such amendment would merely correct his pleading of a state law claim. When deciding whether to exercise supplemental jurisdiction over state law claims under 28 U.S.C. § 1367(c)(3),[2] a district court considers "'judicial economy, convenience, fairness, and comity,' *and specifically whether it 'has dismissed all claims over which it has original jurisdiction.'" Stem*, 813 F.3d at 216 (citations omitted and emphasis added). As the court agrees with the magistrate judge's recommendation that all claims asserted by Plaintiff against the City of Richardson, including his federal claims over which it has original jurisdiction, should be dismissed with prejudice under Rule 12(b)(6), it sees no reason to continue exercising supplemental jurisdiction over Plaintiff's request for relief under the Texas Declaratory Judgment Act for alleged violations of the Texas Constitution for purposes of allowing him to join new parties against whom such relief may or may not be appropriate. Moreover, judicial economy, convenience, fairness, and comity would not be served by allowing Plaintiff to amend his pleadings to join new parties because he does not identify the individuals he seeks to join as parties; it is unclear whether he knows the identity of such persons at this time; and any claim against the unidentified parties under the Texas Declaratory Judgment Act for alleged violations of the Texas Constitution or any other violation of state law can be brought by him in a separate state court action.

---

[2] Under 28 U.S.C. § 1367(c)(3), a district court may decline to exercise supplemental jurisdiction if: "(1) the claim raises a novel or complex issue of State law, (2) the claim substantially predominates over the claim or claims over which the district court has original jurisdiction, (3) the district court has dismissed all claims over which it has original jurisdiction, or (4) in exceptional circumstances, there are other compelling reasons for declining jurisdiction." 28 U.S.C. § 1367(c). Other factors include "judicial economy, convenience, fairness, and comity." *Brookshire Bros. Holding, Inc. v. Dayco Prod., Inc.*, 554 F.3d 595, 601-02 (5th Cir. 2009). When analyzing supplemental jurisdiction, "no single factor is dispositive." *Id.* at 602. Generally, "a court should decline to exercise jurisdiction over remaining state-law claims when all federal-law claims are eliminated before trial." *Id.*

Accordingly, having reviewed the pleadings, Defendant's Motion to Dismiss, Plaintiff's response to the Motion to Dismiss, the Report and *sua sponte* motion to dismiss by the magistrate judge, Plaintiff's objections to the Report and response to the *sua sponte* motion to dismiss, and having conducted a de novo review of the portions of the Report to which objection was made, the court determines that the findings and conclusions of the magistrate judge are correct, and **accepts** them as those of the court. Accordingly, the court **grants** Defendant's Motion to Dismiss (Doc. 7); **grants** the magistrate judge's *sua sponte* motion to dismiss; **overrules** Plaintiff's objections; **denies** Plaintiff's request to amend his pleadings; and **dismisses with prejudice** all claims asserted by Plaintiff against the City of Richardson in this action pursuant to Rule 12(b)(6) for failure to state a claim upon which relief can be granted.

**It is so ordered** this 10th day of August, 2018.

Sam A. Lindsay
United States District Judge